**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION**

| | | |
|---|---|---|
| JOSAPHAT LOZANO,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESO INDEPENDENT SCHOOL DISTRICT; ADRIANA CORREA, in her individual capacity; and SERGIO CORONADO, in his individual capacity,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. ____________<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Josaphat Lozano ("Plaintiff" or "Mr. Lozano") files this Original Complaint against Defendants Progreso Independent School District ("Progreso ISD" or the "District"), Adriana Correa, and Sergio Coronado (collectively, "Defendants"), and respectfully shows the Court as follows:

## I. NATURE OF THE ACTION

1. This is an employment action arising from Progreso ISD's failure to accommodate Plaintiff's disabilities, its retaliation against him for requesting accommodations and for reporting misconduct, and its termination of his employment. Within one week of Plaintiff's written request for reasonable accommodation, his supervisor—who was also the District's designated Section 504 Coordinator—swore out a criminal complaint against him based on nothing more than his written complaints about her, the District suspended him and barred him from communicating with any District employee, and he was arrested at the District's administration

building. The District then terminated him at a special board meeting that lasted two minutes, gave no reason, and, when later pressed by the EEOC, pointed to the arrest that its own official had procured. That criminal charge was dismissed when the official who instigated it failed to appear for trial. Plaintiff brings claims under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the First and Fourteenth Amendments to the United States Constitution, through 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; and the Texas Open Meetings Act, Tex. Gov't Code ch. 551.

## II. PARTIES

2. Plaintiff Josaphat Lozano is an individual residing in Cameron County, Texas. His mailing address is P.O. Box 1090, Rio Hondo, Texas 78583.

3. Defendant Progreso Independent School District is a Texas independent school district and political subdivision of the State of Texas located in Hidalgo County, Texas. It may be served with process through its Superintendent, Sergio Coronado, at 700 N. Business FM 1015, Progreso, Texas 78579 (mailing address P.O. Box 610, Progreso, Texas 78579), or wherever he may be found.

4. Defendant Adriana Correa is an individual who at all relevant times was the District's Director for Special Education, Section 504, and Dyslexia, and in that role served as the District's designated Section 504 Coordinator. She is sued in her individual capacity and may be served at her place of employment, 700 N. Business FM 1015, Progreso, Texas 78579, or wherever she may be found.

5. Defendant Sergio Coronado is an individual who at all relevant times was the Superintendent of Progreso ISD. He is sued in his individual capacity and may be served at 700 N. Business FM 1015, Progreso, Texas 78579, or wherever he may be found.

## III. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, and under 28 U.S.C. § 1343 because Plaintiff seeks redress for the deprivation of civil rights. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

7. Venue is proper in the Southern District of Texas, McAllen Division, under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Defendants reside in this District and Division, the employment practices complained of occurred in Hidalgo County, Texas, and the relevant employment records are maintained there.

## IV. ADMINISTRATIVE EXHAUSTION AND TIMELINESS

8. On May 26, 2025—seven days after his termination—Plaintiff submitted a pre-charge inquiry and ADA questionnaire to the Texas Workforce Commission, Civil Rights Division, complaining of disability discrimination, denial of reasonable accommodation, harassment, and retaliation by Progreso ISD. The Texas Workforce Commission transferred the inquiry to the City of Austin Office of Equity and Inclusion, a Fair Employment Practices Agency ("FEPA") operating under a worksharing agreement with the EEOC, which received it on June 6, 2025.

9. On June 12, 2025, the FEPA determined in writing that Plaintiff's complaint "meets the statutory threshold criteria for a formal charge of employment discrimination,"

identified the bases as disability and sex and the issues as denial of reasonable accommodation and sexual harassment under the ADA, Title VII, and Chapter 21 of the Texas Labor Code, and deferred the charge to the EEOC. Plaintiff thereafter signed and filed the Charge of Discrimination, which was docketed as EEOC Charge No. 36A-2025-00111 (FEPA Reference No. 650-25-132) and dually filed with the state and local agency. The charge was filed within 300 days of every act complained of herein.

10. The charge identified Progreso ISD as the respondent; alleged that "[o]n January 23, 2025, I was arrested and suspended after filing three grievances and requesting ADA accommodation"; alleged that Special Education Director Adriana Correa harassed Plaintiff; alleged that Plaintiff requested accommodations for his hearing impairment, neck and lower back injuries, and mental health, including handicap parking, a large monitor, and a standing desk, and that the request was denied; and alleged that on January 9, 2025 Ms. Correa entered his classroom, closed the door, blocked him from leaving, and looked him up and down in a sexual manner. Plaintiff submitted additional documents as part of the charge.

11. The EEOC investigated Plaintiff's suspension and termination as part of the charge. In the course of that investigation Progreso ISD asserted that Plaintiff's termination was based on his arrest, and the EEOC issued a preliminary determination dated March 24, 2026 addressing, among other things, harassment, failure to accommodate, retaliation, and the District's stated reason for termination. On March 26, 2026, Plaintiff filed a written objection and response to that determination through the EEOC Public Portal, expressly asserting failure to accommodate, disability-based harassment, retaliation, and pretextual termination, and attaching the September 16, 2025 dismissal of the criminal charge and the Commissioner of Education's findings. Plaintiff's retaliation and termination claims are within the scope of the charge and of

the investigation that could reasonably be expected to grow out of, and in fact did grow out of, the charge.

12. The EEOC issued Plaintiff a Determination and Notice of Rights dated June 15, 2026, which Plaintiff first received on or about September 12, 2026. Plaintiff had not received the Notice, by mail, email, or through the EEOC Public Portal, before that date. The Notice states that the EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations. This action is filed within ninety (90) days of Plaintiff's receipt of that Notice. Plaintiff has satisfied all administrative prerequisites to suit under the ADA and Title VII.

13. No administrative exhaustion is required for Plaintiff's claims under Section 504 of the Rehabilitation Act or 42 U.S.C. § 1983.

14. Plaintiff initiated Progreso ISD's grievance procedures by filing written grievances under Policy DGBA (Local) on December 19, 2024, January 10, 2025, January 14–15, 2025, and January 17, 2025, and again on or about June 5 and June 19, 2025, following his termination. Progreso ISD never heard or decided any of them. On April 14, 2026, the Texas Commissioner of Education, adopting an Administrative Law Judge's Proposal for Decision, found that the local record contained no evidence that the District had ever heard or decided any of Plaintiff's grievances, that the missing record evidence was to be resolved against the District, and that the District had violated Texas Education Code § 11.1511(b)(13), and remanded the matter to the District's Board of Trustees. Docket No. 096-R10-06-2025. The District provided Plaintiff with the remand hearing packet on September 11, 2026; as of the filing of this Complaint the Board has not heard or decided Plaintiff's grievances.

## V. FACTUAL BACKGROUND

### A. Plaintiff's Employment with Progreso ISD

15. Progreso ISD hired Plaintiff in July 2024 as a special education teacher under a Chapter 21 probationary contract for the 2024–2025 school year. Plaintiff began work in August 2024 and, in or about November 2024, was assigned to Progreso High School. Plaintiff holds a master's degree and a principal certification and had more than nineteen years of teaching experience, including four years in special education.

16. Plaintiff provided direct instruction and support services to students with disabilities in the classroom and the resource room and served as case manager for their Admission, Review, and Dismissal ("ARD") meetings. Plaintiff was qualified for his position and performed its essential functions.

17. At all relevant times, Defendant Correa supervised Plaintiff as Director for Special Education, Section 504, and Dyslexia and was the District's Section 504 Coordinator; Lupita Valdez was the District's Director of Human Resources; and Defendant Coronado was the District's Superintendent.

### B. Plaintiff's Disabilities

18. Plaintiff is an individual with disabilities within the meaning of the ADA and Section 504. Plaintiff sustained a cervical injury damaging four of the seven discs in his neck, which caused nerve damage and significant hearing loss for which he uses hearing aids; he also has a lumbar (lower back) injury. These impairments substantially limit the major life activities of hearing, walking, standing, sitting for extended periods, lifting, bending, and concentrating, and the operation of his musculoskeletal and neurological systems. Because he cannot hear his

own voice, Plaintiff unintentionally speaks louder than others when not wearing his hearing aids. Plaintiff also has a vision impairment that affects his ability to read a standard computer screen.

19. Plaintiff's disabilities were known to the District and to Defendant Correa. Plaintiff disclosed his hearing impairment to Ms. Correa and to diagnostician Rachel Valdez directly, and disclosed his hearing, neck, and back impairments to the District's Director of Human Resources in writing on January 17, 2025. In her own written statement of January 15, 2025, Ms. Valdez confirmed that Ms. Correa acknowledged, in the presence of others, that she was speaking loudly to Plaintiff "because Mr. Lozano mentioned that he was not able to hear or had difficulty hearing."

**C. Plaintiff's Protected Reports, Grievances, and Defendant Correa's Threat**

20. Beginning in December 2024, Plaintiff raised concerns to District administration regarding the handling of ARD and Manifestation Determination Review ("MDR") proceedings for students with disabilities, including that a student's Behavior Intervention Plan had not been implemented and that the student had received no documented special education services for months; that he was being directed to enter into a student's ARD record recommendations that the ARD committee had not discussed; that data he entered into the District's Frontline/eSPED special education records system was being deleted or blanked; and that parents were not receiving proper notice of ARD and MDR meetings. These concerns implicated the District's compliance with the Individuals with Disabilities Education Act ("IDEA") and the integrity of governmental records.

21. On December 17, 2024, after Ms. Correa issued Plaintiff a written disciplinary notice and berated him by telephone about documents she wanted added to a student's ARD paperwork, Plaintiff went in person to the Progreso Police Department and made a report (Case

No. 2024-00003590) documenting the incident. Plaintiff informed Ms. Correa that he was going to law enforcement.

22. On December 19, 2024, Plaintiff submitted a written Level One and Level Two grievance under District Policy DGBA (Local) addressed to the Special Education Director, the Superintendent, and the Board of Trustees. The grievance alleged violations of Texas Penal Code §§ 37.10 (tampering with governmental records) and 42.07, IDEA, and FERPA; stated that Plaintiff had contacted law enforcement and made a police report and would be meeting with the district attorney's office; stated that Plaintiff was seeking protection under the Texas Whistleblower Act "after Mrs. Correa threatened me after I informed her I was going to the police with the information"; stated that Plaintiff would be reporting the affected student's case to the Texas Education Agency; and requested, among other relief, that no employment retaliation—"including but not limited to write-ups, termination, non-renewals, or negative recommendations"—be taken against him for reporting a crime to law enforcement.

23. The next day, December 20, 2024, Ms. Correa sent Plaintiff an email, copied to Superintendent Coronado and Human Resources Director Valdez, characterizing Plaintiff's complaints as "false accusations," "harassing," "threatening," and an attempt to "intimidate" her so that she "would not escalate" her corrective action against him. She directed Plaintiff not to communicate with her "at all" regarding the matter, threatened that if he did so she would "file charges with Progreso police department against you for harassing me," and stated that she would be "contacting Progreso police department" that day. Superintendent Coronado and the District's Human Resources Director thus had actual notice, no later than December 20, 2024, that Ms. Correa was threatening to invoke the criminal process against a subordinate in response to his grievance and report to law enforcement. Neither took any action to intervene.

24. On January 9, 2025, Ms. Correa entered Plaintiff's classroom after the students had left, closed the door, stood in front of it so that Plaintiff could not leave, and repeatedly demanded ARD drafts while looking him up and down in a manner Plaintiff reasonably perceived as sexual and threatening. Plaintiff immediately reported the incident by text message to a colleague, Mrs. Aguilar, and stated that he felt threatened. That same day Plaintiff discovered that work he had previously entered into the eSPED system for the student's ARD had been deleted and that the draft Ms. Correa had created omitted essential information.

25. On January 10, 2025, Plaintiff submitted to the District's Director of Human Resources a written grievance under Policies DGBA (Local), DIA (Local), and FFH (Local), together with sworn statements, alleging that on January 9, 2025 Ms. Correa (a) subjected him to sexual harassment as defined in Policy FFH and Title IX; (b) tampered with governmental records in violation of Texas Penal Code § 37.10(a)(3) by deleting or altering data in the eSPED system; (c) abused her official capacity in violation of Texas Penal Code § 39.02(a)(2); and (d) retaliated against him for reporting matters of public concern.

26. On January 14, 2025, Ms. Valdez confirmed to Plaintiff in writing that she had "been given the directive to hand you blank paper copies" of ARD forms, that as of January 6, 2025 she had been directed "not to roll over ARDs," and that "when drafts are created for PEC and PHS, they will be blank." Plaintiff responded the same morning that he had notified Human Resources of his concern that the student files had been tampered with and would resume work on them once Human Resources addressed that concern. The same day, Plaintiff submitted a further written Level One and Level Two grievance under Policy DGBA (Local).

27. On the morning of January 15, 2025, Ms. Correa sent an email to Plaintiff, copied to Superintendent Coronado, the campus principal, and others, stating that the ARD paperwork

for that day's meetings was "still blank" in eSPED and that Plaintiff would have to reschedule and "let the parents know you were not ready for them." Ms. Correa and Ms. Valdez then attended Plaintiff's ARD meetings, which they did not attend for other teachers. When Plaintiff reminded Ms. Correa in the resource room that he was hard of hearing, she raised her voice, spoke to him in an exaggeratedly loud and mocking tone in front of Ms. Valdez and another teacher, and stated that she had to speak that way because he was "deaf." Ms. Correa then cancelled Plaintiff's scheduled ARD meetings in front of the parents, instructed the other special education teacher not to assist him, and announced that Plaintiff was "not prepared."

28. Later that morning, in the MDR meeting for a student with disabilities, Ms. Correa announced a disciplinary placement without committee deliberation and relied on undated student statements that had not been provided to the student or his parent. Plaintiff objected that the student had received no special education services from August through October 2024, that his Behavior Intervention Plan had not been implemented, that the District was therefore not providing a free appropriate public education as required by IDEA, and that the parent had been denied notice and an opportunity to be heard. Plaintiff told the parent that she had the right to request a due process hearing and to contact the Texas Education Agency, and offered to help her find a representative. Ms. Correa told the parent not to listen to Plaintiff, told Plaintiff that as a District employee he could not act as a representative for a parent, walked out of the meeting, and summoned security to escort Plaintiff, the parent, and the parent's case manager from the room.

29. Ms. Correa went directly from that meeting to the District's administration building at 700 N. Business FM 1015, where at approximately 3:00 p.m. on January 15, 2025 she told Progreso Police Officer Larry Sanchez that Plaintiff "was harassing her and she wanted to

file the proper charges." Plaintiff's contemporaneous grievance records that she left the meeting and reported him to the police.

30. On January 15 and 16, 2025, Plaintiff submitted a second Level One grievance against Ms. Correa to the District's Director of Human Resources, reporting the events of January 15, 2025, including Ms. Correa's mockery of his hearing disability, the cancellation of his ARDs, the removal of the parent from the MDR, and the IDEA violations he had identified. On or about January 16, 2025, Ms. Correa filed a grievance against Plaintiff under Policy DGBA (Local).

31. Plaintiff's reports to the Progreso Police Department, to the District's Board of Trustees, and to the parent concerning the District's compliance with federal special education law, the integrity of governmental records, and the due process rights of students and parents addressed matters of public concern, were made in good faith, and were made as a citizen rather than pursuant to Plaintiff's ordinary job duties as a classroom teacher.

**D. Plaintiff's Request for Reasonable Accommodation**

32. On January 17, 2025, Plaintiff submitted a written request to the District's Director of Human Resources, titled "Request for 504 Plan and Employee Assistance Due to Workplace Bullying and Disabilities," expressly invoking Section 504 and the ADA and copying his advocate and an attorney. The request described Plaintiff's neck and lower back injuries, hearing loss, and vision impairment; reported that Ms. Correa had mocked his hearing loss; and requested: (a) a desk that allows for standing or sitting to reduce strain on his neck and lower back; (b) a larger computer monitor to assist with his vision; (c) additional time to move between classrooms; (d) accessible parking nearer the building entrance; (e) reasonable adjustments to how colleagues communicated with him in light of his hearing loss; (f) access to employee

assistance or counseling; and (g) a meeting with the District's Section 504 coordinator to develop an accommodation plan. Plaintiff also asked that security notify him when Ms. Correa was on campus so that he could avoid her.

33. The District's Section 504 Coordinator to whom that meeting request was directed was Defendant Correa—the same official Plaintiff had identified as the source of the harassment.

34. The District never responded to Plaintiff's accommodation request, never met with him, never engaged in any interactive process, and never provided any of the requested accommodations. The Commissioner of Education later found that the January 17, 2025 request was in the District's local record and that the record contained no response to it.

**E. The Criminal Complaint, Suspension, and Arrest**

35. On the same day Plaintiff submitted his accommodation request—Friday, January 17, 2025—Ms. Correa met with Progreso Police Investigator Al Perez and gave a statement in support of criminal charges. Investigator Perez swore out a criminal complaint against Plaintiff that day (Complaint No. 25-0080) charging harassment under Texas Penal Code § 42.07, a Class B misdemeanor.

36. The sworn complaint alleged no threat, no obscene or violent communication, and no contact of any kind other than emails. Its stated factual basis was that Ms. Correa "began having problems with her employee Josaphat Lozano on December 17, 2024 when she had to take disciplinary action on him"; that Plaintiff "retaliated with an email"; that she had told him in her December 20, 2024 email to stop contacting her "regarding your threats"; and that Plaintiff sent "5-6 emails" thereafter, including an email at 3:48 p.m. on January 15, 2025. The emails were Plaintiff's written complaints and grievances about Ms. Correa's conduct, several of which were addressed to the Superintendent and Human Resources as District policy required. The

criminal process was thus invoked because Plaintiff continued to complain about his supervisor in writing.

37. A municipal magistrate for the City of Progreso issued a warrant for Plaintiff's arrest on January 20, 2025.

38. On January 22, 2025, Superintendent Coronado issued Plaintiff a "Notice of Suspension with Pay," effective immediately "pending an ongoing investigation," and directed Plaintiff "not to communicate with any staff or student while investigation is going on." The letter identified no allegation against Plaintiff. Its no-contact directive prevented Plaintiff from pursuing his pending grievances, gathering witness statements, or communicating with the Human Resources Director to whom his accommodation request was addressed.

39. The same day, January 22, 2025, Plaintiff was arrested on the warrant by Investigator Perez at the 700 block of Business FM 1015 in Progreso—the District's administration building—transported to the Progreso City Jail and then to the Hidalgo County Jail in Edinburg, Texas, and magistrated, and held until he posted bond.

40. The arrest occurred five days after Plaintiff's written request for accommodation; two days after the warrant issued; one week after his January 15–16 grievance; twelve days after his January 10 grievance alleging sexual harassment and tampering with governmental records; and thirty-four days after Ms. Correa, with the Superintendent and Human Resources Director copied, threatened to file charges if Plaintiff continued to complain.

41. On March 5, 2025, the District notified Plaintiff that it was investigating his January 2025 complaints under Policy DIA (Local), acknowledging that his allegations, "if proven, would constitute prohibited conduct as defined by Board Policy DIA (Local)." The District assigned the investigation to its own general counsel, the law firm of O'Hanlon,

Demerath & Castillo, P.C. The District never communicated the outcome of that investigation to Plaintiff while he was employed and never issued a decision on any of his grievances.

**F. Termination**

42. On May 11, 2025, the District posted notice of a special Board meeting for May 14, 2025 that listed, as an executive-session item, "Discussion Regarding Termination of Chapter 21 Probationary Contract of J.L." Plaintiff requested through the District's counsel that any discussion concerning his termination be held in open session. At the May 14 meeting, the District's representative announced on the record that the District had received Plaintiff's request and "will honor that request pursuant to board policy," and the Board nonetheless retired into executive session. Upon reconvening, the Board approved a motion concerning "the discussion" of Plaintiff's termination and adjourned.

43. On May 19, 2025, the Board convened a special meeting at 12:00 p.m., went immediately into executive session, reconvened in open session at 12:01 p.m., and, on the recommendation of Superintendent Coronado, voted to terminate Plaintiff's probationary contract at the end of its term. The meeting adjourned at 12:02 p.m. No reason for the termination was stated at either meeting.

44. By letter dated May 19, 2025, signed by Superintendent Coronado and delivered by email and overnight delivery, the District notified Plaintiff that the Superintendent had recommended termination as "in the best interests of the District" and that the Board had voted to terminate his contract "at the end of the 2024-2025 school year." The letter gave no other reason, stated that the decision was "final and may not be appealed," and enclosed Policy DGBA (Local).

45. On information and belief, Plaintiff was not delivered written notice of the Superintendent's recommendation before the Board acted, in the manner and within the time required by Texas Education Code § 21.103(a).

46. Plaintiff's termination followed within four months of his accommodation request, his January 2025 grievances, and his reports to law enforcement, and occurred while the District's own investigation of his complaints—which the District had acknowledged alleged "prohibited conduct"—remained open and unresolved.

47. In its response to Plaintiff's EEOC charge, the District asserted that Plaintiff's termination was based on his arrest. That stated reason is a pretext for discrimination and retaliation. The arrest was procured by the very supervisor whose conduct Plaintiff had reported; its sole factual basis was Plaintiff's written complaints about that supervisor; the District's Superintendent had been on notice since December 20, 2024 that the supervisor intended to use the criminal process to stop those complaints; the District suspended Plaintiff on the day of the arrest without waiting for any adjudication; and the District had itself acknowledged that Plaintiff's complaints, if proven, described prohibited conduct.

**G. Dismissal of the Criminal Charge**

48. The harassment charge was filed in County Court at Law No. 9 of Hidalgo County, Texas, as Cause No. CR-25-03344-1. On or about September 16, 2025, on the State's motion, the court dismissed the charge for the stated reason: "NO SHOW FROM VICTIM; ADRIANA MARIE CORREA FOR BENCH [TRIAL]." Plaintiff was never convicted of, and never pleaded to, any offense arising from his communications with Ms. Correa.

**H. Post-Termination Grievances and the Commissioner's Decision**

49. On or about June 5, 2025 and June 19, 2025, Plaintiff filed written grievances with the District under Policy DGBA (Local) challenging, among other things, his suspension, arrest, and termination as retaliatory and the District's failure to accommodate his disabilities. The District did not respond.

50. On June 26, 2025, Plaintiff appealed to the Texas Commissioner of Education. On August 13, 2025—the same date it filed its answer and the local record before the Commissioner—the District's general counsel issued a "DIA (Local) Investigation Findings and Report," authored by the same law firm representing the District in the appeal, which sustained each of Ms. Correa's allegations against Plaintiff and rejected each of Plaintiff's allegations against her. On August 19, 2025, Plaintiff filed a second petition with the Commissioner (Docket No. 110-R2-06-2025) challenging the May 14 and May 19, 2025 Board meetings and the termination of his contract.

51. On February 23, 2026, the Administrative Law Judge issued a Proposal for Decision finding that the local record contained Plaintiff's three January 2025 grievances, his June 2025 grievance, his January 17, 2025 accommodation request, and the March 5, 2025 notice of investigation, but "[c]onspicuously absent from the record are any decisions or intermediate rulings on any of Petitioner's grievances." On April 14, 2026, the Commissioner of Education adopted that decision, found that the District had violated Texas Education Code § 11.1511(b)(13), rejected the District's position that Plaintiff, as a former employee, was not entitled to have his grievances heard, and remanded the matter to the District's Board of Trustees.

52. The District provided Plaintiff with the remand hearing packet on September 11, 2026. As of the filing of this Complaint, the Board has not heard or decided Plaintiff's grievances.

**I. Damages**

53. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered lost wages and benefits, loss of future earning capacity, damage to his professional reputation and standing as an educator, the expense and stigma of an arrest, criminal booking, and eight months of pending criminal charges, out-of-pocket expenses including bond and legal costs, and severe emotional distress, mental anguish, humiliation, and loss of enjoyment of life. Plaintiff's January 17, 2025 accommodation request had already informed the District that the harassment was causing him sleep disturbance, gastrointestinal distress, difficulty concentrating, and suicidal ideation.

## VI. CAUSES OF ACTION

**COUNT ONE: Failure to Accommodate — ADA, 42 U.S.C. § 12112(b)(5)(A) (Against Progreso ISD)**

54. Plaintiff incorporates the foregoing paragraphs by reference.

55. Progreso ISD is an employer and a covered entity under 42 U.S.C. § 12111. Plaintiff is a qualified individual with a disability who could perform the essential functions of his position with or without reasonable accommodation.

56. The District knew of Plaintiff's disabilities through Ms. Correa, Ms. Valdez, and its Human Resources Director. Plaintiff requested specific, reasonable accommodations in writing on January 17, 2025. The District never responded, never met with Plaintiff, failed to

engage in the interactive process in good faith, and failed to provide any accommodation. Instead, within five days it suspended Plaintiff and forbade him from communicating with the very staff to whom his request was directed. The requested accommodations—a sit-stand desk, a larger monitor, transition time between classes, accessible parking, and communication adjustments—would not have imposed an undue hardship on the District.

**COUNT TWO: Disability Discrimination and Harassment — ADA, 42 U.S.C. § 12112(a) (Against Progreso ISD)**

57. Plaintiff incorporates the foregoing paragraphs by reference.

58. The District, through its Director of Special Education and Section 504 Coordinator, subjected Plaintiff to harassment because of his hearing disability, including mocking him in front of colleagues and parents by shouting at him and calling him "deaf," which Ms. Correa herself acknowledged doing because Plaintiff had told her he could not hear well. That conduct, together with the cancellation of Plaintiff's ARD meetings, the exclusion of his colleague from assisting him, and the deletion of his work product, was sufficiently severe or pervasive to alter the conditions of his employment. The District knew of the harassment through Plaintiff's written grievances of January 10, 14, 15–16, and 17, 2025, and failed to take prompt remedial action.

59. The District subjected Plaintiff to adverse employment actions, including suspension, a no-contact directive, and termination, because of his disabilities and because it regarded him as disabled, in violation of 42 U.S.C. § 12112(a). Ms. Correa's expressed animus toward Plaintiff's hearing impairment, her role in procuring his arrest, and the District's reliance on that arrest to justify termination establish that disability was a motivating factor in the adverse actions.

**COUNT THREE: Retaliation — ADA, 42 U.S.C. § 12203 (Against Progreso ISD)**

60. Plaintiff incorporates the foregoing paragraphs by reference.

61. Plaintiff engaged in protected activity by requesting reasonable accommodation on January 17, 2025, and by opposing disability-based harassment and discrimination in his grievances of January 10, 14, 15–16, and 17, 2025, and thereafter by filing an EEOC charge in June 2025.

62. On the same day as Plaintiff's accommodation request, the District's Section 504 Coordinator gave a statement to police that resulted in a sworn criminal complaint against him; within five days the District suspended him and barred him from communicating with any District employee; and within four months it terminated him. A causal connection exists between Plaintiff's protected activity and the adverse actions, as shown by their temporal proximity; Ms. Correa's December 20, 2024 written threat, copied to the Superintendent, to invoke the criminal process if Plaintiff continued to complain; the District's failure to respond to any of Plaintiff's grievances or his accommodation request; the absence of any stated reason for termination; and the pretextual nature of the arrest-based justification the District later offered to the EEOC.

63. After Plaintiff filed his EEOC charge and his appeal to the Commissioner, the District's counsel issued the August 13, 2025 investigation report sustaining every allegation against Plaintiff and rejecting every allegation he had made, and the District took the position before the Commissioner that Plaintiff was not entitled to have his grievances heard at all. Those actions were further retaliation for Plaintiff's protected activity.

**COUNT FOUR: Discrimination and Retaliation — Rehabilitation Act, 29 U.S.C. § 794 (Against Progreso ISD)**

64. Plaintiff incorporates the foregoing paragraphs by reference.

65. Progreso ISD receives federal financial assistance, including IDEA Part B funds, and is subject to Section 504 of the Rehabilitation Act. Plaintiff is an otherwise qualified individual with a disability. Solely by reason of his disability, and in retaliation for his protected activity, the District denied Plaintiff reasonable accommodation, subjected him to disability-based harassment, suspended him, and terminated his employment, in violation of 29 U.S.C. § 794 and its implementing regulations, including 34 C.F.R. §§ 104.11 and 104.61.

**COUNT FIVE: Retaliation — Title VII, 42 U.S.C. § 2000e-3(a) (Against Progreso ISD)**

66. Plaintiff incorporates the foregoing paragraphs by reference.

67. On January 10, 2025, Plaintiff opposed what he reasonably and in good faith believed to be sexual harassment by Ms. Correa—her January 9, 2025 entry into his classroom, closing of the door, physical blocking of his exit, and sexually suggestive appraisal of him—and reported it in writing to the District's Director of Human Resources under Policies FFH and DIA. The District's own March 5, 2025 letter acknowledged that the allegations, if proven, would constitute prohibited conduct. Twelve days after that report the District suspended Plaintiff, and four months later it terminated him. A causal connection exists between Plaintiff's protected opposition and the adverse actions taken against him.

**COUNT SIX: First Amendment Retaliation — 42 U.S.C. § 1983 (Against All Defendants)**

68. Plaintiff incorporates the foregoing paragraphs by reference.

69. Plaintiff's December 17, 2024 report to the Progreso Police Department; his December 19, 2024 grievance to the Board of Trustees invoking the Texas Whistleblower Act and reporting tampering with governmental records and IDEA violations; his January 10, 2025 sworn statements alleging violations of Texas Penal Code §§ 37.10 and 39.02; and his January 15, 2025 statements to a parent that the District had failed to provide her son a free appropriate

public education and that she had the right to a due process hearing and to contact the Texas Education Agency, were made as a citizen on matters of public concern. Reporting suspected crimes to the police, petitioning the Board, and advising a parent of her federal rights against the District are not among the ordinary duties of a special education teacher. Plaintiff's interest in speaking on these matters outweighed any interest of the District in promoting the efficiency of its public services.

70. Defendant Correa, acting under color of state law, retaliated against Plaintiff for his protected speech by threatening him in writing on December 20, 2024 with criminal charges if he continued to complain; by reporting him to police on January 15, 2025 within hours of his statements to the parent; by giving a statement to police on January 17, 2025 that resulted in a sworn criminal complaint whose only factual basis was Plaintiff's written complaints about her; and by procuring his arrest. Ms. Correa's complaint alleged no conduct constituting harassment under Texas Penal Code § 42.07, as construed to exclude communications made for a legitimate purpose; the charge was dismissed when she failed to appear; and, on information and belief, the Progreso Police Department does not ordinarily seek arrest warrants against employees who email their supervisors about workplace grievances. Ms. Correa's conduct was not supported by probable cause and was undertaken because of Plaintiff's protected speech.

71. Defendant Coronado, acting under color of state law and with actual knowledge since December 20, 2024 of Ms. Correa's threat to invoke the criminal process, retaliated against Plaintiff by suspending him on January 22, 2025 and barring him from communicating with any District employee, thereby cutting off his access to the District's grievance process, and by recommending his termination to the Board. Plaintiff's protected speech was a substantial or

motivating factor in these actions. Defendants' conduct violated clearly established constitutional rights of which a reasonable official would have known.

72. Progreso ISD is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), because Plaintiff's termination was effected by the District's final policymaker, its Board of Trustees, on the recommendation of the Superintendent, with knowledge of Plaintiff's pending grievances and complaints; because the Board ratified the Superintendent's recommendation without stating any basis and after a two-minute meeting; and because the District's custom of refusing to hear or decide employee grievances—found by the Commissioner of Education to violate Texas Education Code § 11.1511(b)(13)—was the moving force behind the deprivation of Plaintiff's rights.

**COUNT SEVEN: Texas Open Meetings Act, Tex. Gov't Code §§ 551.074, 551.142 (Against Progreso ISD)**

73. Plaintiff incorporates the foregoing paragraphs by reference.

74. Texas Government Code § 551.074(a) permits a governmental body to deliberate the dismissal of a public employee in closed session, but § 551.074(b) provides that this exception does not apply if the employee who is the subject of the deliberation requests a public hearing. Plaintiff requested, before the May 14, 2025 meeting, that all discussion concerning the termination of his contract be held in open session, and the District acknowledged that request on the record. The Board nonetheless deliberated Plaintiff's termination in closed session on May 14, 2025 and again on May 19, 2025, before voting in open session without any deliberation or stated reason.

75. An action taken by a governmental body in violation of the Open Meetings Act is voidable. Tex. Gov't Code § 551.142. Plaintiff, an interested person, seeks a declaration that the

Board's May 19, 2025 vote to terminate his probationary contract was taken in violation of § 551.074(b) and is voidable, mandamus or injunctive relief setting it aside, and attorney's fees under § 551.142(b).

## VII. JURY DEMAND

76. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

a. Back pay and lost benefits, with prejudgment interest;

b. Reinstatement or, in the alternative, front pay;

c. Compensatory damages for emotional distress, mental anguish, humiliation, reputational harm, and loss of enjoyment of life, in an amount to be determined by the jury;

d. Punitive damages against Defendants Correa and Coronado in their individual capacities on Plaintiff's § 1983 claim;

e. A declaration that Defendants' conduct violated the ADA, the Rehabilitation Act, the First Amendment, and Title VII, and that the Board's May 19, 2025 vote was taken in violation of the Texas Open Meetings Act and is void;

f. Injunctive relief requiring the District to expunge adverse references, including any reference to the January 22, 2025 arrest or the dismissed criminal charge, from Plaintiff's personnel file; to provide a neutral employment reference; and to adopt and follow lawful accommodation and grievance procedures;

g. Reasonable attorneys' fees, expert fees, and costs under 42 U.S.C. §§ 1988 and 12205, 29 U.S.C. § 794a, 42 U.S.C. § 2000e-5(k) and Tex. Gov't Code § 551.142(b);

h. Post-judgment interest; and

i. All other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

STAPLETON & STAPLETON LAW OFFICE

**/S/ ED STAPLETON**

**ED STAPLETON**
Texas State Bar No. 19058400
**SARA STAPLETON**
Texas State Bar No. 24073403
613 E. St. Charles
Brownsville, Texas 78520
Telephone (956) 833-6372
Facsimile (956) 446-5751
**ATTORNEYS FOR PLAINTIFF**
**JOSAPHAT LOZANO**